UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC WADE CLARK,

               Plaintiff,

               -against-

KENNETH M. KARAS INDIVIDUALLY AND IN HIS
CAPACITY AS JUSTICE OF THE SOUTHERN DISTRICT
COURT; MARGARET SMITH INDIVIDUALLY AND IN
HER CAPACITY AS MAGISTRATE OF THE SOUTHERN
DISTRICT COURT; ANDREW E. KRAUSE
INDIVIDUALLY AND IN HIS CAPACITY AS
MAGISTRATE OF THE SOUTHERN DISTRICT COURT;
ELAINE YACHSHON INDIVIDUALLY AND IN HER
CAPACITY OF NEW YORK STATE ATTORNEY
GENERAL; MS. GASHI; INDIVIDUALLY AND IN HER
CAPACITY AS NEW YORK STATE ATTORNEY
GENERAL; RICHARD FERRANTE; INDIVIDUALLY AND
IN HIS CAPACITY OF 18B ASSIGNED ATTORNEY
WESTCHESTER COUNTY; JOHN DOE PSYCHIATRIC
EXAMINER FOR THE STATE OF NEW YORK ARTICLE
10 TRIAL OF ERIC WADE CLARK; A. HELLER
INDIVIDUALLY AND IN HER CAPACITY OF
PSYCHIATRIC EXAMINER FOR THE NEW YORK STATE;
JAMES GIBBONS INDIVIDUALLY AND IN HIS
CAPACITY OF NEW YORK STATE ATTORNEY
GENERAL; ANTHONY ANNUCCI INDIVIDUALLY AND
IN HIS CAPACITY OF CHAIRMAN OF THE DIVISION OF
PAROLE,

               Defendants.

25-CV-6587 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who resides in New City, New York, brings this action *pro se*, under 42 U.S.C.

§ 1983, alleging that Defendants violated his constitutional rights. By order dated February 11,

2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits–to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible–not merely possible–that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff filed this complaint against: (1) Judge Karas, Judge Krause, and Judge Smith (the "Federal Judge Defendants"); (2) New York State Assistant Attorneys General Elaine Yachshon, Ms. Gashi, and James Gibbons (the "AAG Defendants"); (3) Plaintiff's court-appointed defense attorney Richard Ferrante; (4) psychiatric examiners A. Heller and John Doe; and (5) former New York State Division of Parole[1] Commissioner Anthony Annucci. The following facts are drawn from the complaint and publicly available court records.[2]

This complaint relates to two prior *habeas corpus* petitions that Plaintiff filed in this court pursuant to 28 U.S.C. § 2254. In *Clark v. Walsh*, No. 11-CV-44 (KMK) (LMS) ("*Clark I*"), Plaintiff sought to challenge a 2007 state court parole revocation. *Clark I,* ECF 1. Judge Karas adopted a report and recommendation, issued by then-Judge Smith, that the Section 2254 petition be denied as moot, because the sentence Plaintiff was attempting to challenge had fully expired.[3] *See Clark I*, ECF 35 at 5, 2015 WL 1501457, at *6 (S.D.N.Y. Mar. 31, 2015) (adopting report and recommendation that petition be denied as moot and denying Section 2254 relief).

In *Clark v. New York*, No. 22-CV-6635 (KMK) (AEK) ("*Clark II*"), the court construed the petition as seeking either: (1) discharge from civil management under Article 10 of the New York State Mental Health Law ("MHL"); or (2) termination of the terms of Plaintiff's supervision under Strict and Intensive Supervision and Treatment ("SIST"). *Clark II*, ECF 1.

---

[1] The New York State Division of Parole is now part of the New York State Department of Corrections and Community Supervision.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] That order noted that when Plaintiff's "sentence expired on May 31, 2013, the New York State Supreme Court, Westchester County determined that there was probable cause to believe that [Plaintiff] would be subject to civil management measures as a sex offender" under Article 10. *Clark I*, ECF 35 at 3.

Judge Karas adopted a report and recommendation, issued by Judge Krause, recommending that the petition be denied as untimely and on the merits. *Clark II*, ECF 52, 2024 WL 4108613 (S.D.N.Y. Aug. 5, 2024) (issuing report and recommendation), 2024 WL 4003152 (S.D.N.Y. Aug. 30, 2025) (adopting report and recommendation).

In this complaint, Plaintiff alleges that: (1) Judge Karas and Judge Krause erroneously denied the petition in *Clark II*; and (2) during a probable cause hearing, Ferrante represented Plaintiff and AAG Elaine Yachshon represented the state. (*Id.* at 13, 6, 19, 26-33.) Plaintiff realleges that the state court proceedings resulting in the Article 10 civil management regime and SIST conditions he was placed under were unlawful, and he seeks "discharge from all state action MHL Article 10" and "compensation for unlawful deprivation for repair of life Tennessee grievant my name is good." (ECF 1 at 1.)

Attached to the complaint are more than 65 pages of documents from *Clark I* and *Clark II*, and documents arising from Plaintiff's state-court matters. (ECF 1 at 38-105.) As far as the Court can determine from Plaintiff's complaint, the only new development since the dismissal of *Clark II* is Plaintiff's filing of a new *habeas corpus* petition in state court, *Walsh v. NYS Office of Mental Health*, Ind. No. 1369-24, which appears to be pending. (*Id.* at 34-35.) On March 4, 2025, Plaintiff filed a motion for "Expedited Rulings Resolution for Relief." (ECF 11.)

## DISCUSSION

### A.    The Named Defendants

#### 1.    The Federal Judge Defendants

Because Plaintiff alleges that the Federal Judge Defendants–who are federal actors, and not state actors–violated his rights, and he seeks money damages, the Court construes his claims against them as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

4

*Narcotics*, 403 U.S. 388 (1971).[4] Judges are, however, absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 210 (citations omitted). The doctrine applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. 349, 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted). Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356.

Additionally, although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in his or her judicial capacity, *Pulliam v. Allen*,

---

[4] As federal courts have analogized *Bivens* claims to those brought under Section 1983, caselaw from Section 1983 claims may be used to address issues in *Bivens* claims. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

466 U.S. 522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"),
Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial
officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not
be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42
U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853
(1996); *see Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (applying Section 309(c)
of the FCIA to cases involving federal judicial officers) (citing *Tavarez v. Reno*, 54 F.3d 109,
110 (2d Cir. 1995)).[5]

Plaintiff's claims against the Federal Judge Defendants arise out of individual cases
before them, and Plaintiff does not allege any facts showing that they acted beyond the scope of
their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12.
Moreover, Plaintiff does not allege that the Federal Judge Defendants violated a declaratory
decree. Nor does he allege any facts suggesting that declaratory relief was unavailable. *See Davis
v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)
("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is
ordinarily available by appealing the judge's order.").

The Court therefore dismisses Plaintiff's claims for injunctive relief against the Federal
Judge Defendants for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and for damages
because Plaintiff seeks monetary relief against defendants who are immune from such relief, 28
U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See*

---

[5] *Bivens* provides only for money damages; injunctive or declaratory relief is not
available under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only
remedy available in a Bivens action is an award for monetary damages from defendants in their
individual capacities.").

*Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").[6]

### 2.   Psychiatric Examiners A. Heller and John Doe

Judicial immunity may extend from judges to others who "perform functions closely associated with the judicial process." *Cleavinger*, 474 U.S. at 200. This immunity may attach to non-judicial officers and individuals who serve as "arm[s] of the court," *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998) (quoting *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987)), or where individuals conduct "activities that are inexorably connected with the execution of [court] procedures and are analogous to judicial action," *id.* (quoting *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996)).

Courts have held that absolute quasi-judicial immunity protects private psychiatrists and psychological evaluators who serve in a court-appointed capacity.[7] *See McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (holding that social worker and psychotherapist

---

[6] Even if the Federal Judge Defendants were not immune from suit, the Supreme Court has recognized implied causes of action under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, however, the Supreme Court has "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (citation omitted).

[7] Courts have also held that court-appointed social workers, psychologists and psychiatrists are not state actors for purposes of Section 1983 liability. *See Young v. N.Y. State Corr. & Cmty. Supervision*, No. 18-CV-5786, 2019 WL 591555, at *4 n.9 (E.D.N.Y. Feb. 13, 2019) (dismissing Section 1983 claims "against court-appointed psychologists . . . on the grounds that they are not state actors."); *Colliton v. Bunt*, No. 15-CV-6580 (CS), 2016 WL 7443171, at *8 (S.D.N.Y. Dec. 27, 2016) (finding that a defendant social worker who recommended that defendant be labeled a sex offender was not a state actor), *aff'd*, 709 F. App'x 82 (2d Cir. 2018) (summary order).

appointed by family court acted as "arms of the court" and therefore enjoyed absolute immunity from any claims arising out of the proceedings), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order); *see also Falco v. Santoro*, No. 18-CV-2480, 2018 WL 6706312, at *4 n.4 (E.D.N.Y. Dec. 19, 2018) (collecting cases); *Henderson v. Heffler*, No. 07-CV-0487, 2010 WL 2854456, at *3 (W.D.N.Y. July 19, 2010) (explaining that immunity has been "extended to court-appointed social workers, doctors, psychiatrists, and evaluators" on "'inexorably connected' theory"); *cf. Barksdale v. Joyce*, 696 F. App'x 746, 747 (7th Cir. 2017) (holding that the defendant psychologists enjoyed absolute immunity from the plaintiff's Section 1983 claims "for allegedly violating his right to due process [by testifying] in connection with his commitment as a sexually violent person.").

Insofar as Plaintiff seeks to hold A. Heller and John Doe liable because of their court-ordered evaluations of him in connection with proceedings regarding his civil management or SIST restrictions, they are immune from suit, and the Court dismisses his claims against them under Section 1983. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3.    The AAG Defendants

The Court must dismiss Plaintiff's Section 1983 claims for damages against the Assistant Attorneys General ("AAGs") who represented the State in litigation regarding Plaintiff's civil management. A government attorney is entitled to absolute immunity when functioning as an advocate "in a way that is intimately associated with the judicial process." *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits–including the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)); *Hop Wah v. Vargas*, No. 24-CV-

3146 (LTS), 2024 WL 3835092, at *5 (S.D.N.Y. Aug. 15, 2024) (holding that actions of an AAG were taken within the scope of her advocacy while representing the State in civil litigation); *Malek v. New York Unified Court Sys.*, No. 22-CV-5416, 2023 WL 2429528, at *13 (E.D.N.Y. Mar. 9, 2023) (applying government attorney immunity to the AAG representing State in civil suit arising from an Article 10 matter).

Because Plaintiff's allegations against the AAG Defendants are intimately associated with their duties as government attorneys litigating on behalf of the state government, the Court finds that they have absolute immunity from suit under Section 1983, and dismisses Plaintiff's claims against them under the doctrine of government attorney immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 4.     Former Commissioner Annucci

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against former Commissioner Annucci are therefore barred by the Eleventh Amendment and are dismissed.

### 5.     Defense Attorney Ferrante

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

9

U.S. 42, 48-49 (1988). In other words, a plaintiff must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant Ferrante is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.

## B.    *Habeas Corpus* Claims

Having previously challenged the conditions of his civil management in a Section 2254 petition, Plaintiff is already aware that such relief is the available remedy for seeking such relief.[8] *See Richard S. v. Carpinello*, 589 F.3d 75, 76-77, 80 (2d Cir. 2009) (acknowledging

---

[8] It appears to be an open question in this Circuit whether the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), applies to a damages claim arising from a

availability of federal *habeas* review pursuant to Section 2254 of a state-court order under the

New York Mental Hygiene Law); *Jones v. Tope*, No. 21-CV-1007, 2024 WL 3206260

(N.D.N.Y. Feb. 16, 2024) (explaining that "civil commitments are typically challenged in *habeas*

proceedings") (quoting *Duncan v. Walker*, 533 U.S. 167, 176 (2001)); *Clark v. New York*, No.

22-CV-5536 (AEK), 2024 WL 4108613, at *8 (S.D.N.Y. Aug. 5, 2024) (determining that

Plaintiff's challenge to the denial of his petition for discharge from SIST was "a proper subject

for federal *habeas corpus* relief").

> Plaintiff is further advised
>
> that any *habeas* petition filed pursuant to § 2254 must satisfy all of the procedural hurdles set out in that statute, including its one-year statute of limitations, § 2244(d)(1), its 'stringent limits on a prisoner' ability to bring a second or successive application,' *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam), and its exhaustion requirement, *see Heck v. Humphrey*, 512 U.S. 477, 480–81 (1994) ('The federal *habeas corpus* statute . . . requires that prisoners first seek redress in a state forum.').

*Peoples v. Leon*, No. 18-CV-1349, 2019 WL 13158025, at *9 n.4 (N.D.N.Y. Feb. 19, 2019).[9]

---

civil commitment. *See James v. Schneiderman*, No. 12-CV-8512 (TPG), 2015 WL 6107553, at *5 (S.D.N.Y. Oct. 15, 2015) (explaining that in "this Circuit, it has not yet been decided whether *Heck* applies in cases where the plaintiff endures civil confinement, rather than a criminal conviction or sentence"), and noting that "other Circuits have concluded clearly and persuasively that *Heck* does apply in the context of civil confinement"). District courts in this Circuit have applied *Heck* in such a context. *See, e.g., Jones v. Cuomo*, No. 16-CV-7715, 2017 WL 4639714, at *2 (W.D.N.Y. Oct. 17, 2017) (holding that, "because a decision in Plaintiff's favor would invalidate his civil confinement," his claims are barred by *Heck*, which bars Section 1983 challenges that "would invalidate involuntary confinement or retention"). No. 17-3551, 2018 WL 2072498 (2d Cir. Feb. 23, 2018) (dismissing appeal as frivolous); *Brooks v. Creahan*, No. 15-CV-0090, 2015 WL 13850057, at *10 (N.D.N.Y. June 10, 2015) (applying *Heck* to the plaintiff's damages claim arising from civil confinement). Because the Court is dismissing Plaintiff's claims for other reasons, it need not address this issue.

[9] Any new petition Plaintiff submits to the Second Circuit must also conform to the Rules Governing Section 2254 Cases. U.S. R. Gov'g 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be

**C.    Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.    Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

adjudicated. *Fair v. Duffy*, No. 14-CV-4836 (ER) (RLE), 2015 WL 13239992, at *1 (S.D.N.Y. July 27, 2015) (applying Rule 2 to challenge to civil commitment), 2017 WL 1410810 (S.D.N.Y. Apr. 19, 2017) (adopting report and recommendation). Additionally, Plaintiff must name the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that the proper respondent in a *habeas* matter is the individual having immediate custody or control over the petitioner).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth in this order, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court declines to exercise supplemental jurisdiction of any state-law claims Plaintiff may be asserting. The Clerk of Court is directed to terminate the pending motion. (ECF 11.)

To the extent this submission could be construed as a petition under 28 U.S.C. § 2254, the Court denies the petition without prejudice. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

13